IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS PANGBORN,

    Plaintiff,

vs.                                            Civ. No. 98-116 JC\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand for Administrative Agency Decision, filed August 21, 1998. The Commissioner denied Plaintiff's request for disability insurance. Plaintiff alleges a disability due to rheumatoid arthritis, osteoarthritis, and pain. He also claims to suffer from degenerative disc disease in the lumbar spine and fibromyalgia.

    2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v.**

**Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

    4.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  1) the ALJ did not support with substantial evidence his finding that the Plaintiff suffers from "a substance addiction disorder associated with his addiction to narcotics;" 2) the ALJ failed to apply Tenth Circuit law to several aspects of his decision; 3) the ALJ erred in finding that the Plaintiff's joint condition did not meet or equal a listing under step three of the sequential evaluation process; 4) the ALJ failed to consider Plaintiff's diagnosis of fibromyalgia; 5) the ALJ did not support with substantial evidence his determination that Plaintiff's pain is mild and alleviated with exercise; 6) the ALJ did not support with substantial evidence his determination that the Plaintiff has a residual functional capacity (RFC) for light work; and 7) the ALJ erred in his analysis under step five of the sequential evaluation process by conclusively applying the Medical-Vocational Guidelines (grids).

    5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).

    6.  Steps three and five of the sequential evaluation process are at issue in this case. At step three, the claimant is presumptively disabled if his impairment meets or equals the medical

criterion set forth in the listings.  At step five, the burden shifts to the Commissioner to show that the claimant has an RFC to do work in the national economy other than past relevant work.  **Id**. at 1487 (citations omitted).  The grids are used at this step to determine whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2.  The grids reflect the existence of jobs in the national economy at various RFC levels by incorporating administrative notice of occupational publications and studies.  20 C.F.R. §§404.1566(d). The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment.  20 C.F.R. Part 404, Subpt. P, App. 2, §2000(e)(2).

   7.  Based on his alleged errors by the ALJ, the Plaintiff requests that the Court award him benefits, or in the alternative, remand this matter to the Commissioner. The Commissioner's response to the Plaintiff's motion to remand or reverse does not contest any of the arguments the Plaintiff makes in his brief-in-chief.  Instead, the Commissioner states that this case should be remanded to so that he can obtain a consultative mental status examination and any available updated treatment records; re-evaluate whether the Plaintiff meets or equals the listings; re-evaluate the Plaintiff's allegation of disabling pain; and re-evaluate what RFC the Plaintiff possesses. The Plaintiff argues in his reply brief that the Commissioner's nonresponsiveness to his arguments on the merits entitles him to an award of benefits, not a remand.

   8.  The Tenth Circuit has ruled that the Court has discretion in remanding cases or awarding benefits.  **Ragland v. Shalala**, 992 F.2d 1056, 1060 (10th Cir. 1993).  Benefits have been awarded "when the Commissioner patently failed to satisfy the burden of proof at step five, and has long delayed proceedings."  **Taylor v. Callahan**, 969 F. Supp. 664, 673 (D. Kan. 1997)(citing **Ragland**, 992 F.2d at 1060).  Benefits have also been awarded "when substantial

evidence required a finding of disability." **Id**. (citing **Talbot v. Heckler**, 814 F.2d 1456, 1465 (10th Cir. 1987)).  Additionally, reversal is warranted when the ALJ failed to apply correct legal tests.  **Salas v. Chater**, 950 F.Supp. 316, 320 (D. N.M. 1996)(citing **Baca v. Department of Health and Human Services**, 5 F.3d 476, 478 (10th Cir. 1993); **Casias v. Secretary of Health and Human Services**, 933 F.2d 799, 801 (10th Cir. 1991)).

9.  "When the record 'does not substantially support a finding of disabled any more than it supports a finding of not disabled,' however, the Tenth Circuit has remanded for further proceedings."  **Taylor**, 969 F.Supp. at 673 (quoting **Thompson v. Sullivan**, 987 F.2d 1482, 1492 (10th Cir. 1993)).  A remand is "appropriate where an ALJ made no findings as to nonexertional impairments or where minimal findings were not supported by adequate evaluation of the evidence in the record."  **Id**. (quoting **Talbot**, 814 F.2d at 1465 n. 6).  In sum, to determine whether a matter should be remanded or benefits awarded, one must ask if "additional fact finding would serve an [sic] useful purpose."  **Id**.

10.  In this case, the Plaintiff first applied for benefits five years ago. The Commissioner does not dispute that the ALJ failed to apply Tenth Circuit law to parts of his decision. Moreover, the Commissioner does not dispute Plaintiff's claims concerning the lack of substantial evidence.  Rather, the Commissioner desires a remand but fails to explain how a remand would actually serve a useful purpose.  For instance, the Commissioner fails to explain how re-evaluating the listings finding is necessary when this case was ultimately determined at step five of the sequential evaluation process.  The Commissioner also fails to indicate how re-evaluations of the present record will cure the Plaintiff's allegations of a lack of substantial evidence.  For the above reasons, I find that an exercise of discretion to award benefits is appropriate in this case.

Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse or Remand for Administrative Agency Decision and immediately awarding disability insurance benefits to the Plaintiff.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE